# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
Ralph Delatorre & Kim Delatorre

## DEFENDANTS
Central Credit Services, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

San Mateo

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Legal Helpers, P.C. 564 Market Street, Suite 300
San Francisco, CA 94104    415-986-4442

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ]110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ]610 Agriculture | [ ]422 Appeal 28 USC 158 | [ ]400 State Reapportionment |
| [ ]120 Marine | [ ]310 Airplane | [ ]362 Personal Injury Med Malpractice | [ ]620 Other Food & Drug | [ ]423 Withdrawal 28 USC 157 | [ ]410 Antitrust |
| [ ]130 Miller Act | [ ]315 Airplane Product Liability | [ ]365 Personal Injury Product Liability | [ ]625 Drug Related Seizure of Property 21 USC 881 | | [ ]430 Banks and Banking |
| [ ]140 Negotiable Instrument | [ ]320 Assault Libel & Slander | [ ]368 Asbestos Personal Injury Product Liability | [ ]630 Liquor Laws | **PROPERTY RIGHTS** | [ ]450 Commerce/ICC Rates/etc. |
| [ ]150 Recovery of Overpayment & Enforcement of Judgment | [ ]330 Federal Employers Liability | | [ ]640 RR & Truck | [ ]820 Copyrights | [ ]460 Deportation |
| [ ]151 Medicare Act | [ ]340 Marine | **PERSONAL PROPERTY** | [ ]650 Airline Regs | [ ]830 Patent | [ ]470 Racketeer Influenced and Corrupt Organizations |
| [ ]152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ]345 Marine Product Liability | [ ]370 Other Fraud | [ ]660 Occupational Safety/Health | [ ]840 Trademark | [ ]480 Consumer Credit |
| [ ]153 Recovery of Overpayment of Veteran's Benefits | [ ]350 Motor Vehicle | [ ]371 Truth In Lending | [ ]690 Other | | [ ]490 Cable/Satellite TV |
| [ ]160 Stockholders Suits | [ ]355 Motor Vehicle Product Liability | [ ]380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ]810 Selective Service |
| [ ]190 Other Contract | [ ]360 Other Personal Injury | [ ]385 Property Damage Product Liability | [ ]710 Fair Labor Standards Act | [ ]861 HIA (1395ff) | [ ]850 Securities/Commodities/Exchange |
| [ ]195 Contract Product Liability | | | [ ]720 Labor/Mgmt Relations | [ ]862 Black Lung (923) | [ ]875 Customer Challenge 12 USC 3410 |
| [ ]196 Franchise | | | [ ]730 Labor/Mgmt Reporting & Disclosure Act | [ ]863 DIWC/DIWW (405(g)) | [ ]891 Agricultural Acts |
| | | | [ ]740 Railway Labor Act | [ ]864 SSID Title XVI | [ ]892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ]790 Other Labor Litigation | [ ]865 RSI (405(g)) | [ ]893 Environmental Matters |
| [ ]210 Land Condemnation | [ ]441 Voting | [ ]510 Motion to Vacate Sentence Habeas Corpus: | [ ]791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ]894 Energy Allocation Act |
| [ ]220 Foreclosure | [ ]442 Employment | [ ]530 General | | [ ]870 Taxes (US Plaintiff or Defendant) | [ ]895 Freedom of Information Act |
| [ ]230 Rent Lease & Ejectment | [ ]443 Housing | [ ]535 Death Penalty | | [ ]871 IRS - Third Party 26 USC 7609 | [ ]900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ]240 Torts to Land | [ ]444 Welfare | [ ]540 Mandamus & Other | | | [ ]950 Constitutionality of State Statutes |
| [ ]245 Tort Product Liability | [ ]440 Other Civil Rights | [ ]550 Civil Rights | | | [x]890 Other Statutory Actions |
| [ ]290 All Other Real Property | [ ]445 Amer w/ disab - Empl | [ ]555 Prison Condition | | | |
| | [ ]446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 USC 1692   Violations of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 20,000   CHECK YES only if demanded in complaint:
JURY DEMAND: [x] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    [x] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE    SIGNATURE OF ATTORNEY OF RECORD

1 | Kitty J. Lin Bar # 251851
2 | LEGAL HELPERS, P.C.
3 | 564 Market Street, Suite 300
  | San Francisco, CA 94104
4 | Telephone: 866-339-1156
  | Email: kit@legalhelpers.com
5 | Attorney for Plaintiffs Ralph and Kim Delatorre

E-filing

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

Ralph Delatorre

and

Kim Delatorre

    Plaintiffs,

v.

Central Credit Services, Inc.

    Defendant.

CASE NO.:

JUDGE:

CV 08 2529 EDL

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff, Ralph Delatorre ("Ralph"), is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Plaintiff, Kim Delatorre ("Kim"), is Ralph's wife.

Complaint - 1

4. Defendant is a corporation doing business primarily as a consumer debt collector.

5. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Ralph is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

8. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

9. Plaintiff filed this action within the time frame permitted under the FDCPA.

10. In or around the week of September 17, 2007, Defendant's employee by the name or alias of "Alyssa Wright" ("Employee") telephoned Kim regarding the debt.

11. During this communication, Employee threatened to "file a judgment" against Kim and Ralph if the debt was not paid.

12. On or around September 26, 2007, Employee telephoned Ralph regarding the debt.

13. Throughout this communication, Employee yelled at Ralph and spoke in an abusive and belligerent tone.

14. During this communication, Defendant told Ralph that Defendant wanted Ralph's employer's information so Defendant could have Ralph's wages garnished.

15. During this communication, Defendant told Ralph that Defendant would go to any means necessary to collect the debt even if it meant contacting family members, neighbors, and employers.

16. During this communication, Employee yelled so loudly that Ralph could not understand what employee was saying.

17. During this communication Ralph asked Employee to repeat herself and, in response, Employee abruptly hung up the telephone.

18. On or around September 26, 2007, Kim telephoned Defendant in response to the above communication and spoke to Employee.

19. Throughout this communication, Employee also spoke to Kim in an abusive and belligerent tone.

20. During this communication, Employee abruptly hung up the telephone on Kim.

21. On or around September 26, 2007, shortly after the communication referenced immediately above, Kim telephoned Defendant in order to speak to Employee's supervisor.

22. During this communication, Kim spoke to Defendant's employee by the name or alias of "Jackie" who claimed to be a supervisor ("Supervisor").

23. During this communication, Kim told Supervisor about Employee's behavior.

24. During this communication, Supervisor apologized for Employee's behavior and assured Kim that Employee would never contact Kim or Ralph again.

25. On or around October 26, 2007, another of Defendant's employees ("Employee 2") telephoned Kim regarding the debt.

26. Throughout this communication, Employee 2 spoke to Kim in an abusive and belligerent tone and repeatedly interrupted Kim.

27. During this communication, Employee 2 threatened to garnish Kim's wages.

28. During this communication, Employee 2 threatened to seize Kim's personal property and have it auctioned off by the sheriff's department.

29. Defendant has damaged Plaintiffs emotionally and mentally and has caused substantial anxiety and stress.

30. At the time of the communications referenced above, Defendant had not obtained a judgment against Plaintiffs.

31. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

32. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

34. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

36. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## JURY DEMAND

40. Plaintiffs demand a trial by jury.

**PRAYER FOR RELIEF**

41. Plaintiffs pray for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____
Kitty J. Lin
Bar # 251851
Attorney for Plaintiff
564 Market Street, Ste. 300
San Francisco, CA 94104
Telephone: 866-339-1156
Email: kit@legalhelpers.com

Complaint - 5