Natalie P. Vance, Bar No. 206708
W. Jason Scott, Bar No. 222204
KLINEDINST PC
801 K Street, Ste. 2800
Sacramento, California 95814
916.444.7573/FAX 916.444.7544
nvance@klinedinstlaw.com
jscott@klinedinstlaw.com

Attorneys for Defendant
CENTRAL CREDIT SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| RALPH DELATORRE And KIM DELATORRE, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL CREDIT SERVICES, INC., <br><br> Defendant. | Case No: CV-08-2529 EDL <br><br> **ANSWER OF DEFENDANT CENTRAL CREDIT SERVICES, INC.** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Central Credit Services, Inc. ("CCS"), as and for its Answer to the Complaint of Ralph Delatorre and Kim Delatorre ("Plaintiffs") in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

I.

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

1. In response to paragraph 1 of Plaintiffs' Complaint, CCS admits that the

- 1 -

statutes referenced confer jurisdiction but denies that it has violated any law subjecting it to the jurisdiction of this Honorable Court. To the extent jurisdiction is deemed appropriate, CCS admits that venue is proper but denies that it violated any law.

2. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 2 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

3. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 3 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

4. In response to Paragraph 4 of Plaintiffs' Complaint, CCS admits that it is a corporation that attempts to collect debts. CCS denies all other allegations.

5. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 5 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

6. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 6 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

7. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 7 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

8. In response to paragraph 8 of Plaintiffs' Complaint, CCS denies that it is the holder of the account. CCS admits the remaining allegations, upon information and

belief.

9. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 9 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

10. In response to paragraph 10 of Plaintiffs' Complaint, CCS admits that one of its representatives telephoned Plaintiffs during the week of September 17, 2007, upon information and belief. To all other extents, CCS has insufficient information to either admit or deny the remaining allegations and therefore denies the same.

11. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 11 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

12. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 12 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

13. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 13 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

14. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 14 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

15. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 15 of Plaintiffs' Complaint, and therefore denies the

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

1161357v1

same and puts Plaintiffs to their strictest burden of proof thereof.

16. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 16 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

17. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 17 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

18. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 18 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

19. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 19 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

20. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 20 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

21. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 21 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

22. In response to Paragraph 22 of Plaintiffs' Complaint, CCS admits that Plaintiff spoke with "Jackie". To all other extents, CCS has insufficient information to either admit or deny the remaining allegations and therefore denies the same.

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

1161357v1

- 4 -

ANSWER OF DEFENDANT CENTRAL CREDIT SERVICES, INC.
CASE NO.: CV- 08-02529-EDL

23. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 23 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

24. CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 24 of Plaintiffs' Complaint, and therefore denies the same and puts Plaintiffs to their strictest burden of proof thereof.

25. CCS denies the allegations set forth in paragraph 25 of Plaintiffs' Complaint, upon information and belief.

26. CCS denies the allegations set forth in paragraph 26 of Plaintiffs' Complaint, upon information and belief.

27. CCS denies the allegations set forth in paragraph 27 of Plaintiffs' Complaint, upon information and belief.

28. CCS denies the allegations set forth in paragraph 28 of Plaintiffs' Complaint, upon information and belief.

29. CCS denies the allegations set forth in paragraph 29 of Plaintiffs' Complaint.

30. In response to paragraph 30 of Plaintiffs' Complaint, CCS states that to the extent such communications occurred as alleged, if at all, CCS had not obtained a judgment against Plaintiffs.

31. CCS denies the allegations set forth in paragraph 31 of Plaintiffs' Complaint.

32. CCS restates and realleges paragraphs 1 through 31 as though fully stated

herein.

33. CCS denies the allegations set forth in paragraph 33 of Plaintiffs' Complaint.

34. CCS restates and realleges paragraphs 1 through 33 as though fully stated herein.

35. CCS denies the allegations set forth in paragraph 35 of Plaintiffs' Complaint.

36. CCS restates and realleges paragraphs 1 through 35 as though fully stated herein.

37. CCS denies the allegations set forth in paragraph 37 of Plaintiffs' Complaint.

38. CCS restates and realleges paragraphs 1 through 37 as though fully stated herein.

39. CCS denies the allegations set forth in paragraph 39 of Plaintiffs' Complaint.

40. In response to paragraph 40 of Plaintiffs' Complaint, CCS admits that Plaintiffs demand a trial by jury but denies that a jury trial is appropriate as there has been no violation of law.

41. In response to paragraph 41 of Plaintiffs' Complaint, CCS admits that Plaintiffs seek the relief set forth but denies that such relief is appropriate as there has been no violation of law.

///

## II.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

CCS' actions have not been willful, to the extent that they violate any law, which CCS denies.

### THIRD DEFENSE

Plaintiffs failed to exercise ordinary and reasonable care on their own behalf, and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, the damages alleged by Plaintiffs and their recovery should therefore be barred or reduced according to law.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiffs, which CCS denies, was due to the affirmative actions and/or omissions of Plaintiffs and do not give rise to any liability of CCS.

### SIXTH DEFENSE

Plaintiffs' action against CCS is barred, in whole or in part, by the applicable statute(s) of limitations.

### SEVENTH DEFENSE

Any damage to Plaintiffs, which CCS denies, is due to the acts or omissions of Plaintiffs and/or third parties and CCS is not liable for said acts, omissions or alleged damages.

///

### EIGHTH DEFENSE

Plaintiffs' claims are barred by the lack of proximate cause.

### NINTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to mitigate their damages.

### TENTH DEFENSE

Plaintiffs' claims are barred by their lack of standing.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to perform as agreed in breach of their contracts with their underlying creditors.

### TWELFTH DEFENSE

Plaintiffs' claims are barred by Plaintiffs' unclean hands.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unjust enrichment.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of res judicata/collateral estoppel.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the defense of in pari delicto.

### FOURTEENTH DEFENSE

Upon information and belief, Plaintiffs may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred because the statements or acts attributed to CCS, if made, were privileged communication by interested parties, without malice, to interested persons who requested the information.

### SIXTEENTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, title 15 of the United

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

1161357v1

- 8 -

ANSWER OF DEFENDANT CENTRAL CREDIT SERVICES, INC.
CASE NO.: CV- 08-02529-EDL

States Code sections 1692 *et seq.*, if applicable, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SEVENTEENTH DEFENSE

Plaintiffs suffered no damage from the alleged violations by CCS and therefore are not entitled to any award of damages, attorneys' fees or costs.

### EIGHTEENTH DEFENSE

CCS was not a debt collector as defined under federal law, in regard to the instant matter.

### NINETEENTH DEFENSE

All of CCS' actions have been in accordance with federal debt collection practices and consumer credit laws.

### TWENTIETH DEFENSE

CCS may have additional defenses that cannot be articulated due to Plaintiffs' failure to particularize their claims, due to the fact that CCS does not have copies of certain documents bearing on Plaintiffs' claims and due to Plaintiffs' failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiffs allege that CCS may share some responsibility. CCS therefore reserves the right to assert additional defenses upon further particularization of Plaintiffs' claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## III.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant CCS prays for an order and judgment of this Court in its favor against Plaintiffs as follows:

1. Dismissing all causes of action against it with prejudice and on the merits;

2. Awarding it reasonable costs and attorneys' fees; and

3. Awarding it such other and further relief as the Court deems just and equitable.

KLINEDINST PC

Dated: September 2, 2008      By: /s/ W. Jason Scott
                                  NATALIE P. VANCE
                                  W. JASON SCOTT
                                  Attorneys for Defendant
                                  CENTRAL CREDIT SERVICES, INC.

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

1161357v1

- 10 -

ANSWER OF DEFENDANT CENTRAL CREDIT SERVICES, INC.
CASE NO.: CV- 08-02529-EDL